UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| ONEMAIN FINANCIAL OF | ) |
| INDIANA, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No: 2:18 CV 56 |
| | ) |
| TIERA BUTLER, | ) |
| | ) |
| Defendant. | ) |

## OPINION and ORDER

I.  BACKGROUND

Plaintiff OneMain Financial of Indiana, Inc. ("OneMain") originally filed this lawsuit in Porter County Superior Court in the State of Indiana against defendant Tiera Butler ("Butler") on November 9, 2017. (DE # 2.) OneMain alleges that Butler owes it money under a Loan Agreement. (*Id.* at 1–2.)

Butler, acting *pro se*, removed the action to this court in a notice of removal filed February 7, 2018. (DE # 1.) On February 12, 2018, Butler filed an amended notice of removal, pursuant to 28 U.S.C. § 1441(b) and § 1446(b). (DE # 6.) In addition to stating her basis for removal, Butler's amended notice of removal also alleged counterclaims against Onemain. (*Id.*) Additional "counterclaims" are also alleged against David Tipton, Fred Hecht, Julia Andrews, John Cox, Traci Shuttz, Stephen Andrews, Christopher Neeson, and Andrews and Cox, P.C. (collectively, the "Counterclaim Defendants"). (*Id.*) Although claims against third parties are not technically

"counterclaims," these parties refer to themselves as the "Counterclaim Defendants" (*see* DE # 14) and the distinction does not matter for the purposes of this order.

On March 12, 2018, the Counterclaim Defendants moved to remand the case back to state court because this court lacks subject matter jurisdiction. (DE # 14.) The next day, OneMain filed its own motion to remand for lack of jurisdiction. (DE # 16.) The motions are fully briefed and ripe for ruling.

## II. LEGAL STANDARD

The removal statute allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441. The party invoking federal jurisdiction bears the burden of demonstrating its existence. *Appert v. Morgan Stanley Dean Witter, Inc.*, 673 F.3d 609, 617 (7th Cir. 2012). Thus, when a party opposing federal jurisdiction challenges the allegations of jurisdictional facts, the party seeking the federal forum must prove those facts by a preponderance of the evidence. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 543 (7th Cir. 2006).

District courts are to "interpret the removal statute narrowly," and any doubts regarding jurisdiction should be resolved in favor of remand to state court. *Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

**III. DISCUSSION**

In her amended notice of removal, Butler argues this court has jurisdiction over this matter based on both complete diversity and the existence of a federal question. (DE # 6 at 1.) The court will address diversity jurisdiction first.

*A. Diversity*

A federal court may exercise diversity jurisdiction if the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. The movants argue that all parties in this case reside in the State of Indiana, destroying diversity of citizenship. Specifically, OneMain asserts that it is an Indiana corporation (*see* DE # 17-1) and the Counterclaim Defendants assert they all reside or maintain a principal place of business in Indiana (DE # 14 ¶ 12). Butler does not dispute the citizenship of those parties.

Regarding her own citizenship, however, Butler has a great deal to say. She writes, "Tiera Butler is a nonresident alien, foreign Hebrew Israelite Diplomat, North American republic national so called Black, African American federal employee, Sui Juris, protected, suspect class Eternal Essence Embodied/I AM- a living woman/natural person pursuant to the First, Fourth[,] Fifth, and Fourteenth Amendments to the United States Constitution and Federal Statutes . . . ." (DE # 19 at 14.) Nevertheless, Butler admits she lives in Valparaiso, Indiana. (*Id*. at 16.) Therefore, Butler's argument that she is the subject of a foreign state for diversity purposes fails. *See Westby Co-Op Credit Union v. Hertler*, No. 12-cv-811-wmc, 2012 WL 6195992, at *2

3

(W.D. Wis. Dec. 12, 2012) (ruling defendants residing in Wisconsin were not foreign citizens for diversity purposes despite allegations that they were foreign sovereign citizens); *see also U.S. v. Benabe*, 654 F.3d 753, 767 (7th Cir. 2011) ("We have repeatedly rejected . . . theories of individual sovereignty. . . . Regardless of an individual's claimed status of descent, be it as a 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being,' that person is not beyond the jurisdiction of the courts. These theories should be rejected summarily, however they are presented."). Since all parties in this case reside in Indiana, complete diversity does not exist and cannot provide the basis for this court's subject matter jurisdiction.

    B.    *Federal Question*

Absent diversity of citizenship, Butler must demonstrate that this case belongs in federal court due to a federal question. A case presents a federal question when it arises under the Constitution, laws, or treaties of the United States. 28 U.S.C. § 1331. According to the "well-pleaded complaint rule," the federal question must be "presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id*.

On its face, Onemain's complaint does not invoke the Constitution or any other federal laws or statutes. (*See* DE # 2.) Nonetheless, Butler argues that a federal question exists because (1) she has filed a counterclaim based on federal law, and (2) OneMain's claim is actually a federal claim in disguise. (DE ## 6 ¶ 35; 19 at 21.)

4

On the first of these arguments, it is true that Butler has filed a counterclaim under the Fair Debt Collection Practices Act (the "FDCPA") which is a federal statute. (DE # 6 at 3–4.) However, in accordance with the well-pleaded complaint rule, "claims in a counterclaim cannot confer federal question jurisdiction over a case." *Salton, Inc. v. Philips Domestic Appliances & Pers. Care B.V.*, 391 F.3d 871, 875 (7th Cir. 2004). Therefore, Butler's FDCPA claim cannot provide this court with jurisdiction.

As to the second argument, Butler asserts that "although the complaint does not contain a federal question on its face, for all practical purposes, [OneMain] has alleged a cause of action governed by federal law." (DE # 6 ¶ 35.) According to Butler, OneMain's claim was artfully pleaded to appear as a state claim, even though it is actually a "federal question garnishment in rem action in disguise." (DE # 19 at 21.)

Although the well-pleaded complaint rule requires that the federal question appear on the face of the complaint, "a plaintiff may not defeat removal by omitting to plead necessary federal questions." *See Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998). "If a court concludes that a plaintiff has 'artfully pleaded' claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint." *Id*. In the case at hand, however, Butler fails to demonstrate that OneMain omitted any necessary federal questions. Furthermore, Butler's conclusory assertions on this issue do not convince the court that OneMain's pleading disguises any federal claim or any "in rem" claim. OneMain's claim seems to be nothing

5

other than what it appears to be on the face of the complaint: a state-law claim for an alleged breach of the Loan Agreement.

As the party invoking federal jurisdiction, Butler bears the burden of demonstrating that a federal question exists. *See Appert*, 673 F.3d at 617. She has failed to do so. Since there is neither complete diversity nor a federal question, the court finds that it lacks subject-matter jurisdiction over this matter. Therefore, remand is necessary.

C.     *Attorneys' Fees*

OneMain argues that this removal caused it to needlessly incur attorneys' fees and that the court should make it whole by awarding it those fees. (DE # 17 at 5.) According to federal statute ,"[a]n order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c) (emphasis added). The court, in its discretion, will not award attorneys' fees in this case given Butler's *pro se* status and that fact that she filed a counterclaim which is based in federal law.

**IV.    CONCLUSION**

For the reasons set forth above, the motions to remand (DE ## 14, 16) are **GRANTED**, and this case is **REMANDED** to the Porter County Superior Court. This action is hereby **CLOSED**, and any other pending motions are hereby **TERMINATED**.

**SO ORDERED.**

Date: May 21, 2018

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT

6